UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )| |
| ) | |
| v.  ) | No. 2:16 CR 161 |
| ) | |
| JOHN BUNCICH ) | |

### OPINION and ORDER

Before the court is defendant John Buncich's Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) and Part B of Amendment 821 to the United States Sentencing Guidelines. (DE # 276.)

In April 2023, the United States Sentencing Commission voted to change how a defendant's criminal history is calculated for sentencing. These changes, generally referred to as "Amendment 821," took effect on November 1, 2023. Part A of Amendment 821 is irrelevant to this case, but defendant seeks relief under Part B, which created a new § 4C1.1 guideline. That new guideline provides a decrease of two offense levels for defendants who did not receive any criminal history points under Chapter Four of the Guidelines and whose instant offense did not involve specified aggravating factors. The Sentencing Commission has given retroactive effect to Amendment 821. *See* N.D. Ind. Gen. Order 2023-32, available at https://www.innd.uscourts.gov/sites/ innd/files/2023-32.pdf.

One of the requirements for eligibility under Part B of Amendment 821 is that "the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and

was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848." § 4C1.1(a)(10). Here, defendant clearly received a four-level upward adjustment under § 3B1.1(c) for his aggravating role as an organizer or leader. (Sentencing Tr., DE # 214 at 113; Resentencing Tr., DE # 273 at 15.) Defendant admits this fact in his own motion. (DE # 276 at 4.)

It is worth noting that § 4C1.1(a)(10) lists two criteria, unlike all of the other subsections, which list only one. To repeat, § 4C1.1(a)(10) requires that: "the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) *and* was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848." *Id.* (emphasis added). Perhaps defendant would argue that he satisfies § 4C1.1(a)(10) because he meets one of the two criteria, though he did not explicitly make such an argument. Even if he had, though, the argument would have failed. Section 4C1.1(a)(10) does not state that satisfaction of either the first *or* second criteria will suffice. Rather, it requires satisfaction of the first "*and*" second criteria. § 4C1.1(a)(10) (emphasis added). As another court under the Seventh Circuit's purview recently clarified, "'[n]o defendant who receives an Aggravating Role Adjustment under § 3B1.1 of the Guidelines can ever be eligible for the Zero-Point Offender Adjustment under § 4C1.1(a)'" *United States v. Acosta,* No. 3:18-CR-30110-NJR-1, 2024 WL 1836403, at *1 (S.D. Ill. Apr. 26, 2024) (quoting *United States v. Mahee,* No. 121CR00494SDGJSA1, 2023 WL 8452433, at *4 (N.D. Ga. Dec. 6, 2023)).

2

For the reasons set forth above, defendant's motion under 18 U.S.C. § 3582(c)(2) and Amendment 821 is **DENIED.** (DE # 276.)

**SO ORDERED.**

Date: June 4, 2024

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT